**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

GINA CHAMPION-CAIN,
    Petitioner,

v.

WARDEN, FCI Pekin,
    Respondent.

Case No. 1:26-cv-1001-JEH

**Order**

Before the Court is Petitioner Gina Champion-Cain's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1). For the reasons below, the Petition is DENIED.

**I**

Petitioner's challenge involves the BOP's Risk and Needs Assessment System ("System") that the BOP was required to develop under Section 101 of the First Step Act of 2018 (FSA), Public Law 115-391. *See* 18 U.S.C. § 3632. Under the FSA, eligible prisoners earn time credits for participating in "evidence-based recidivism reduction programs" and "productive activities." 18 U.S.C. § 3632(d)(4)(A). Unlike good conduct time earned under § 3624(b), which is applied to reduce a prisoner's total time in custody, time credits earned under the System for participating in programs and activities "shall be applied toward prerelease custody or supervised release." 18 U.S.C. § 3632(d)(4)(C). But, prisoners are only eligible to have them applied to prerelease custody or supervised release when they meet the requirements under 18 U.S.C. § 3624(g)(1). Relevant to the dispute here, § 3624(g)(1)(A) to requires that a prisoner: "[have]earned time credits under [System] in an amount that is equal to

1

the remainder of the prisoner's imposed term of imprisonment" in order to apply their credits. *Id.*

II

Petitioner is currently serving a 180-month imprisonment sentence, to be followed by 3 years of supervised release that imposed by the United States District Court for the Southern District of California. Petitioner filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on January 2, 2026. She is contesting the Federal Bureau of Prison's (BOP) calculation of her earned time credits under the FSA, which impacts the date she is eligible to be placed in prerelease custody.

Petitioner projected release date with good-time credits under 18 U.S.C. § 3624 is January 9, 2034. Petitioner has also earned FSA time credits. As of January 20, 2026, the BOP determined that Petitioner had earned 825 days of FSA time credits. The BOP projects that up to 365 days of those credits can be applied toward an earlier placement on supervised release, making her projected release date January 9, 2033. Petitioner does not appear to dispute these dates or initial calculations.

However, the BOP has projected that Petitioner will earn a total of 1150 FSA time credits that can applied to prerelease custody, making her eligible for transfer to prerelease custody on November 16, 2029. Petitioner will also be eligible for placement under the Second Chance Act, which allows up to an additional 12 months in a community correctional facility, or 6 months in home confinement. 18 U.S.C. § 3624(c). However, the BOP has not yet evaluated Petitioner for such a placement yet because her earliest placement under that authority would not be until November 2028.

Petitioner, however, calculates that with both FSA time credits and her Second Chance Act placement, she should have been placed in prerelease

2

custody—specifically home confinement—as of February 15, 2026. She reaches this date by calculating that she will earn 76.5 months' (or roughly 2295 days) worth of First Step Act time credits that can be applied towards early supervised release and prerelease custody.

### III

Petitioner's Petition must be dismissed because her requested relief is not available in a habeas petition and because she has not shown that the BOP has erred in its calculations.

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A petition for a writ of habeas corpus is the proper action "[i]f the prisoner is seeking what can fairly be described as a quantum change in the level of custody." *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991). A "quantum change in the level of custody" includes relief such as "outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation, or the run of the prison in contrast to the approximation to solitary confinement that is disciplinary segregation." *Id*. On the other hand, "[i]t is well-established that a prisoner who challenges neither the fact nor duration of his confinement but instead challenges the conditions of confinement—such as exclusion from programs and loss of privileges—must do so in an action under 42 U.S.C. § 1983 or another federal statute, not a petition for habeas corpus." *Williams-Bey v. Buss*, 270 F. App'x 437, 438 (7th Cir. 2008) (collecting cases); *see Glaus v. Anderson*, 408 F.3d 382, 387 (7th Cir. 2005). In *Graham,* the Seventh Circuit found that a petitioner was seeking to be placed on work release was challenging the conditions of confinement, and it did not qualify as a "quantum change in the level of custody." *Graham*, 922 F.2d at 380.

Here, Petitioner has no dispute with Respondent's calculation of her release date: She agrees that with good-time credits and the maximum 12 months of FSA earned time credits that can be applied to early supervised release, her projected release from custody date is January 9, 2033. Petitioner only disputes when she should be placed in prerelease custody—which may be either home confinement or a residential reentry center. This is not cognizable in habeas corpus *See Ngon v. Warden FCI-Greenville*, No. 25-CV-1386-JPG, 2026 WL 376812, at *3 (S.D. Ill. Feb. 11, 2026) (concluding that petitioner pled "nothing suggesting a change to community corrections is the kind of quantum change in conditions that would be cognizable under § 2241," but that it is "[i]nstead, . . .a routine placement decision over which this Court has no jurisdiction").

Moreover, even if the Court does have habeas jurisdiction, Petitioner has not shown that the BOP has erred in its calculations. Rather, the math is simply not as straightforward as Petitioner believes. The Court notes that Petitioner's calculations make two main errors. First, they do not adjust for the fact that good time credits and early placement on supervised release will result in a net sentence of only (roughly) 141 months during which she may earn credits. (Rather, Petitioner's calculation of her FSA time credits start from a net imprisonment sentence of 153 months. *See* Doc. 1 at 4.). Petitioner and Respondent agree that it took the first 27 months of her imprisonment sentence to earn the 12 months of credits that will be applied to early supervised release.[1] As Respondent notes, this leaves 114 months remaining to earn time credits for prerelease custody.

This is where Petitioner's second error occurs: Petitioner assumes that FSA time credits she could earn while in prerelease custody could increase her time in

---

[1] This is the case because prisoners initially only earn 10 days of credits per month before they can become eligible to earn 15 days of credits.

prerelease custody. Accordingly she simply divides her calculation by 2 since she is now earning 15 days of time credits for every 30 days. However, as a practical matter, any time credits she earns in prerelease custody could not be applied because, pursuant to the statute, Petitioner cannot be placed in prerelease custody until she has earned time credits "in an amount that is equal to the remainder of the prisoner's imposed term of imprisonment." *See* 18 U.S.C. § 3624(g)(1)(A), (2). So, instead of dividing 114 by 2, Respondent divides 114 by 1.5, resulting in 76. Despite Petitioner's protestations, this math is true to the statue: It will take Petitioner 76 months to earn 38 months' worth of credits. At that point, Petitioner will have 38 months left on her imprisonment sentence (meaning the amount left before her release from BOP custody into early supervised release on January 9, 2033) and will be able to apply the credits. So, in total, Petitioner needs to serve the initial 27 months plus the 76 months, or 103 months, to earn enough time credits to have them applied. Petitioner was sentenced in March 2021, and 103 months later results in a projected placement in prerelease custody under the FSA of October 2029. Because the BOP uses exact days in its calculations as opposed to month estimations, the result with the BOP's calculations is slightly later in November 2029.

Petitioner is correct that she may also be placed in prerelease custody for additional time under the Second Chance Act. *See* 18 U.S.C. § 3624(c). However, the BOP has not yet conducted its individualized review to determine how much time should be spend in prerelease custody under that statute. Moreover, the earliest possible placement in prerelease custody under the Second Chance Act would be November 2028. Accordingly, any challenge to that placement decision is premature.

**IV**

For the reasons above, Petitioner Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) are DENIED. The Clerk is DIRECTED to issue judgment in favor of respondent and CLOSE the case.

*It is so ordered.*

Entered on March 16, 2026

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE